Timothy J. Silverman, SBN 145264
Melissa N. Armstrong, SBN 213928
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Claimant JP MORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

ONE 2006 MERCEDES BENZ CLS 55 AMG SEDAN, CA LICENSE NO. 5WRK364, VIN WDDDJ76X96A063392, ITS TOOLS AND APPURTENANCES,

ONE 2006 LAND ROVER RANGE ROVER SUV, CA LICENCE PLATE NO. 5TYZ993, VIN SALMF13486A224651, ITS TOOLS AND APPURTENANCES,

ONE 2007 FORD F350 TRUCK, CA LICENSE NO. 8F10442, VIN 1FTWW33P87EA32632, ITS TOOLS AND APPURTENANCES,

ONE ROLEX WATCH, MODEL NO. 118235537B7385, SERIAL NO. P640864,

$8,000.00 IN U.S. CURRENCY,

ONE 2006 SEADOO RXP WATERCRAFT, CA LICENSE NO. 7215RH, VIN YDV33810A606, ITS TOOL AND APPURTENANCES,

ONE 2005 YAHAMA WAVE RUNNER WATER CRAFT AND FETRA TRAILER, CA LICENSE NO. 8728RD, VIN YAMA335B505, ITS TOOLS AND APPURTENANCES,

Defendants.

Case No: ED 07-CV-2335WQHNLS

**EXHIBIT INDEX TO ANSWER OF JP MORGAN CHASE BANK, N.A.**

Exhibit 1 - Verified Claim

2
EXHIBIT INDEX TO ANSWER OF JP MORGAN CHASE BANK, N.A.

Timothy J. Silverman, SBN 145264
Melissa N. Armstrong, SBN 213928
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Claimant JP MORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>ONE 2006 MERCEDES BENZ CLS 55 AMG SEDAN, CA LICENSE NO. 5WRK364, VIN WDDDJ76X96A063392, ITS TOOLS AND APPURTENANCES,<br><br>ONE 2006 LAND ROVER RANGE ROVER SUV, CA LICENCE PLATE NO. 5TYZ993, VIN SALMF13486A224651, ITS TOOLS AND APPURTENANCES,<br><br>ONE 2007 FORD F350 TRUCK, CA LICENSE NO. 8F10442, VIN 1FTWW33P87EA32632, ITS TOOLS AND APPURTENANCES,<br><br>ONE ROLEX WATCH, MODEL NO. 118235537B7385, SERIAL NO. P640864,<br><br>$8,000.00 IN U.S. CURRENCY,<br><br>ONE 2006 SEADOO RXP WATERCRAFT, CA LICENSE NO. 7215RH, VIN YDV33810A606, ITS TOOL AND APPURTENANCES,<br><br>ONE 2005 YAHAMA WAVE RUNNER WATER CRAFT AND FETRA TRAILER, CA LICENSE NO. 8728RD, VIN YAMA335B505, ITS TOOLS AND APPURTENANCES,<br><br>Defendants. | Case No: ED 07-CV-2335WQHNLS<br><br>**VERIFIED CLAIM** |

EXHIBIT 1 - Page 1

**VERIFIED CLAIM OF JP MORGAN CHASE BANK, N.A.**

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** THAT JP MORGAN CHASE BANK, N.A. (hereinafter "JP MORGAN") has an interest in the defendant property, a 2006 LAND ROVER RANGE ROVER, VIN SALMF13486A224651 (hereinafter "Vehicle").

1. On or about April 19, 2006, Margarita Placencia executed and delivered to JP MORGAN's assignor, Land Rover Miramar, her "Retail Installment Contract - Simple Interest Finance Charge" for the purchase of the Vehicle in the principal amount of $55,740.86 (the "Contract"). A true and correct copy of the Contract is attached as **Exhibit "1"** to the Exhibit Index filed concurrently herewith, and is incorporated herein by reference.

2. As of December 19, 2007, there is due, owing and unpaid under the Contract from Margarita Placencia to JP MORGAN the principal balance of $39,694.37, plus accrued interest to January 8, 2007 of $197.12. Interest continues to accrue at the rate of 8.24% per annum, from January 8, 2007, until paid in full.

3. By virtue of JP MORGAN's interest in the defendant Vehicle, JP MORGAN hereby demands restitution and the right to defend this action.

Dated: January 14, 2008

SOLOMON, GRINDLE, SILVERMAN & SPINELLA

By: /s/ Melissa N. Armstrong
Timothy J. Silverman
Melissa N. Armstrong
Attorneys for Claimant
JP MORGAN CHASE BANK, N.A.
E-Mail: melissa@sgsslaw.com

H:\COMMON\MNA\JP MORGAN\Placencia\Pleadings\VERIFIED CLAIM.wpd.wpd

EXHIBIT 1 - Page 2

**VERIFICATION**

I, Rita Houp, am the Vice President of JP MORGAN CHASE BANK, N.A., and am authorized to make this verification on its behalf.

I have read the foregoing Verified Claim of JP MORGAN CHASE BANK, N.A. and know the contents thereof. I am informed and believe that the matters stated are true and on that basis I declare that the matters stated are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 11, 2008 at Phoenix, Arizona.

RITA HOUP

LISA M. SOLAREZ
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
July 16, 2011

EXHIBIT 1 - Page 3

Timothy J. Silverman, SBN 145264
Melissa N. Armstrong, SBN 213928
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Plaintiff JP MORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

ONE 2006 MERCEDES BENZ CLS 55 AMG SEDAN, CA LICENSE NO. 5WRK364, VIN WDDDJ76X96A063392, ITS TOOLS AND APPURTENANCES,

ONE 2006 LAND ROVER RANGE ROVER SUV, CA LICENCE PLATE NO. 5TYZ993, VIN SALMF13486A224651, ITS TOOLS AND APPURTENANCES,

ONE 2007 FORD F350 TRUCK, CA LICENSE NO. 8F10442, VIN 1FTWW33P87EA32632, ITS TOOLS AND APPURTENANCES,

ONE ROLEX WATCH, MODEL NO. 118235537B7385, SERIAL NO. P640864,

$8,000.00 IN U.S. CURRENCY,

ONE 2006 SEADOO RXP WATERCRAFT, CA LICENSE NO. 7215RH, VIN YDV33810A606, ITS TOOL AND APPURTENANCES,

ONE 2005 YAHAMA WAVE RUNNER WATER CRAFT AND FETRA TRAILER, CA LICENSE NO. 8728RD, VIN YAMA335B505, ITS TOOLS AND APPURTENANCES,

Defendants.

Case No: ED 07-CV-2335WQHNLS

**EXHIBIT INDEX TO VERIFIED CLAIM**

EXHIBIT 1 - Page 4

Exhibit 1 - Retail Installment Contract - Simple Interest Finance Charge

EXHIBIT 1-Page 5

2

EXHIBIT INDEX TO JP MORGAN CHASE BANK, N.A.'S VERIFIED CLAIM

Dealer Number 3173 Contract Number 20405 R.O.S Number 158301[illegible] Stock Number 6-8140
DATE: 04/19/2006 CONTROL # 6-8140 Salesperson R WRIGHT

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| MARGARITA PLACENCIA<br>1461 EDGEHILL DR<br>CHULA VISTA, CA 91913 County: SAN DIEGO | LAND ROVER MIRA<br>9455 CLAYTON DRIV.<br>SAN DIEGO, CA 92126 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2006 | LAND ROVER RR SUPERCHARGED | 29 | SALMF13486A224651 | [X] personal, family or household<br>[ ] business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 46000.00 |
|---|---|---|---|---|
| 8.24 % | $ 12458.14 (e) | $ 55740.86 | $ 68199.00 (e) | $ 114199.00 (e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 59 Payments | 1,136.65 | Monthly, Beginning 05/19/2006 |
| N/A Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 1,136.65 | 04/19/2011 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED

1. Total Cash Price
   - A. Cash Price of Motor Vehicle and Accessories $ 93750.00 (A)
     1. Cash Price Vehicle $ 93750.00
     2. Cash Price Accessories $ N/A
     3. Other (Nontaxable)
        Describe N/A $ N/A
        Describe N/A $ N/A
   - B. Document Preparation Fee (not a governmental fee) $ 45.00 (B)
   - C. Smog Fee Paid to Seller $ N/A (C)
   - D. Sales Tax (on taxable items in A+B+C) $ 7269.11 (D)
   - E. Optional DMV Electronic Filing Fee* $ 0.00 (E)
   - F. (Optional) Service Contract* $ N/A (F)
   - G. (Optional) Service Contract* $ N/A (G)
   - H. Prior Credit or Lease Balance paid by Seller to N/A $ N/A (H)
     (see downpayment and trade-in calculation)
   - I. (Optional) Gap Contract (to whom paid)* N/A $ N/A (I)
   - J. Other (to whom paid)* N/A $ N/A (J)
     For N/A
   - Total Cash Price (A through J) $101064.11 (1)
2. Amounts Paid to Public Officials
   - A. License Fees $ 668.00 (A) Estimated
   - B. Registration/Transfer/Titling Fees $ N/A (B)
   - C. California Tire Fees* $ 8.75 (C)
   - D. Other N/A $ N/A (D)
   - E. Other N/A $ N/A (E)
   - Total Official Fees (A through E) $ 676.75 (2)
3. Amount Paid to Insurance Companies (Total premiums from Statement of Insurance column a + b)* $ N/A (3)
4. Smog Certification or Exemption Fee Paid to State $ N/A (4)
5. Subtotal (1 through 4) $101740.86 (5)
6. Total Downpayment
   - A. Agreed Trade-In Value Yr N/A Make N/A $ N/A (A)
     Model N/A Odom. N/A
     VIN N/A
   - B. Less Prior Credit or Lease Balance $ N/A (B)
   - C. Net Trade-In (A less B) (indicate if a negative number) $ N/A (C)
   - D. Deferred Downpayment $ N/A (D)
   - E. Manufacturer's Rebate $ N/A (E)
   - F. Other N/A $ N/A (F)
   - G. Cash $ 46000.00 (G)
   - Total Downpayment (C through G) $ 46000.00 (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1H above)
7. Amount Financed (5 less 6) $ 55740.86 (7)

*Seller may keep part of these amounts.

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | | N/A Mos. | $ N/A |
| Medical N/A | | N/A Mos. | $ N/A |
| N/A | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A (a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X [signature] MARGARITA PLACENCIA
Co-Buyer X
Seller X [signature] LAND ROVER MIRAMAR

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**

[ ] Credit Life: [ ] Buyer [ ] Co-Buyer* [ ] Both
[ ] Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | | $ N/A |
| Credit Disability | N/A Mos. | | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name N/A
Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance.
04/19/2006 [signature]
Date Buyer Signature Age
X
Date Co-Buyer Signature Age

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 1I. See your gap contract for details on the protection it provides. It is a part of this contract.
Term N/A Mos. N/A
Name of Gap Contract
You want to buy a gap contract.
Buyer X [signature]

OPTIONAL SERVICE CONTRACT(S) You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1.F and/or 1.G above.
1.F Company N/A
Term N/A Mos. or N/A Miles
1.G Company N/A
Term N/A Mos. or N/A Miles
Buyer X [signature]

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
[signature]
Buyer Signs
X
Co-Buyer Signs

**SELLER ASSISTED LOAN**

BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
installments of $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

[ ] Name of autobroker receiving fee, if applicable:
N/A

### NOTICE OF RESCISSION RIGHTS

If Buyer and Co-Buyer sign here, the provisions of the Rescission Rights section on the back giving the Seller the right to rescind if Seller is unable to assign this contract to a financial institution will apply.

Buyer X [signature] Co-Buyer X

OPTION: [ ] You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A, Year ____. SELLER'S INITIALS ____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

X [signature] X

Representations of Buyer: Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6.B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6.B as "Prior Credit or Lease Balance," Seller will refund the difference to you.

Buyer X Co-Buyer X

**Notice to buyer:**
(1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X [signature] Co-Buyer Signature X

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING OFF PERIOD**

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X [signature] Date 04/19/2006 Co-Buyer Signature X Date

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X Address

**GUARANTY**

To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X N/A Date N/A Guarantor X N/A Date N/A
Address N/A Address N/A

Seller Signs LAND-ROVER-MIRAMAR Date 04/19/2006 By X [signature] Title MANAGER
Home PH # (619) 805-7602 Work PH # (323) 660-6785

LAW FORM NO. 553-CA [illegible]

ORIGINAL LIENHOLDER

EXHIBIT 1-Page6
Exhibit 1 - page1

1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- The vehicle is lost, damaged or destroyed.
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the m[illegible] the sale, less allowed expenses, to the amou[illegible]. Allowed expenses are expenses we pay as a [illegible] result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

> **Rescission Rights**
> a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may rescind (cancel) the contract.
> b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to rescind. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.
> c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.
> d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Seller assigns its interest in this contract to JPMorgan Chase BK PO Box 5210 New Hyde Park, NY 1104[illegible] (Assignee) at (address) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

Seller LR Miramar 9455 Clayton Dr. SD CA [illegible] By [signature] Title Manager

Form No. 553-CA 1/05

EXHIBIT 1-Page 7

Exhibit 1-page

Timothy J. Silverman, SBN 145264
Melissa N. Armstrong, SBN 213928
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Plaintiff JP MORGAN CHASE BANK, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

ONE 2006 MERCEDES BENZ CLS 55 AMG SEDAN, CA LICENSE NO. 5WRK364, VIN WDDDJ76X96A063392, ITS TOOLS AND APPURTENANCES,

ONE 2006 LAND ROVER RANGE ROVER SUV, CA LICENCE PLATE NO. 5TYZ993, VIN SALMF13486A224651, ITS TOOLS AND APPURTENANCES,

ONE 2007 FORD F350 TRUCK, CA LICENSE NO. 8F10442, VIN 1FTWW33P87EA32632, ITS TOOLS AND APPURTENANCES,

ONE ROLEX WATCH, MODEL NO. 118235537B7385, SERIAL NO. P640864,

$8,000.00 IN U.S. CURRENCY,

ONE 2006 SEADOO RXP WATERCRAFT, CA LICENSE NO. 7215RH, VIN YDV33810A606, ITS TOOL AND APPURTENANCES,

ONE 2005 YAHAMA WAVE RUNNER WATER CRAFT AND FETRA TRAILER, CA LICENSE NO. 8728RD, VIN YAMA335B505, ITS TOOLS AND APPURTENANCES,

Defendants.

Case No: ED 07-CV-2335WQHNLS

**CERTIFICATE OF SERVICE**

EXHIBIT 1-Page 8

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 12651 High Bluff Drive, Suite 300, San Diego, California 92130.

On January 14, 2008, I served the foregoing document(s) described as **VERIFIED CLAIM** and **EXHIBIT INDEX TO VERIFIED CLAIM** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

David M. McNees
Special Assistant U.S. Attorney
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
(619) 557-5979
david.mcnees@usdoj.gov

/ / (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U. S. Postal Service pursuant to which practice the correspondence will be deposited with the U. S. Postal Service this same day in the ordinary course of business.

/X/ (BY ELECTRONIC SERVICE) On January 14, 2008, the above-noted document(s) were electronically submitted to Lexis/Nexis/Courtlink with instructions to e-serve the above-listed part(y)ies pursuant to the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California.

/ / (VIA UPS NEXT DAY AIR) I caused such envelope to be placed in the UPS depository at San Diego, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with UPS on this same day at San Diego, California in the ordinary course of business.

/ / (VIA FACSIMILE TRANSMISSION) I caused such document to be sent via facsimile transmission on this date during regular business hours to the addressee(s) as shown above.

/X/ (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 14, 2008, at San Diego, California.

Holly J. Hurd

EXHIBIT 1-Page 9